IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PAUL HOLT                                                                                               PLAINTIFF

V.                                              5:05CV142JMM

METROPOLITAN LIFE INSURANCE
COMPANY; ALBEMARLE CORPORATION;
and ALBEMARLE CORPORATION LONG
TERM DISABILITY PLAN                                                                DEFENDANTS

### ORDER DENYING DEFENDANT ALBEMARLE'S MOTION TO DISMISS

Pending is the Motion to Dismiss Count III of Plaintiff's Complaint filed by Albemarle Corporation and Albemarle Corporation Long Term Disability Plan (collectively referred to as "Albemarle"). The Plaintiff has responded to the motion. For the reasons set forth below, the motion is DENIED.

Count III of Plaintiff's Complaint contains a claim under 29 U.S.C. § 1132(c) against the Defendants for failure to provide Plaintiff with Plan documents upon his attorney's request. Albemarle argues that a Plan Administrator is not required to provide any information to Plaintiff's attorney because the attorney was neither a participant nor a beneficiary of the Plan. Therefore, Albemarle contends that Count III should be dismissed under Rule 12(b)(6) for failure to state a claim. In response to the motion, Plaintiff has attached an Authorization signed by the Plaintiff designating his attorney, Mr. Leon Marks, as his representative and authorizing Mr. Marks to have access to his records. This Authorization was sent to the Claims Administrator Metropolitan Life Insurance Company ("Met Life") instead of the Plan Administrator Albemarle Corporation. Mr. Marks did, however, send a request for a copy of the Plaintiff's claim file and Plan documents to the Plan Administrator Albemarle on letterhead which clearly identified Mr.

Marks as an attorney at law.

Dismissal of a complaint pursuant to Rule 12(b)(6) is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court must take a plaintiff's well-pleaded allegations as true and construe all reasonable inferences in a plaintiff's favor. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36-37 (8th Cir. 1995). Thus the issue to be decided by the Court under Rule 12(b)(6) is whether a plaintiff is entitled to present evidence to support his or her claims, not whether a plaintiff will ultimately prevail. *Id.* at 37. "[A]s a practical matter . . . only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief" should a motion to dismiss be granted. *Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir.1974)).

The Court finds that the letter to Albemarle dated December 2004 sent by Plaintiff's counsel Leon Marks wherein Mr. Marks' requested Plaintiff's file and Plan documents was sufficient to put Albemarle on notice that Mr. Marks was Plaintiff's attorney. Although it would have been an easier question had Mr. Marks stated in his letter to Albemarle that he was requesting the documentation "on behalf of" the Plaintiff or included a copy of the Authorization, the Court finds that there was enough information included in the letter and available to Albemarle through its Claims Administrator to trigger Albemarle's duty to request further information from Mr. Marks or the Plaintiff.

> ERISA's legislative history makes clear that Congress intended the information-producing provisions to enable claimants to make their own decisions on how best to enforce their rights. We conclude that this objective will be best served by a rule that a representation by an attorney that he is making a request on behalf of a participant or beneficiary triggers the duty to respond under § 1024(b)(4) when the administrator has no reason to question the attorney's authority. In the rare case where the administrator has reason to question that authority, it can respond by

requesting further evidence. The objective of the statute would be ill served, however, by permitting administrators to refuse to respond with no indication that authority is even an issue.

*Daniels v. Thomas & Betts Corp.*, 263 F.3d 66, 77 (3rd Cir. 2001).

For this reason, Defendant Albemarle's Motion to Dismiss (Docket # 4) is DENIED.

IT IS SO ORDERED this 12th day of July 2005.

/s/ James M. Moody
James M. Moody
United States District Judge